STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 7 | Lien Avoidance |

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
David Neewilly

Debtor(s)

Case No.: 18-11172-ABA  
Judge: Andrew B. Altenburg

## Chapter 13 Plan and Motions

☐ Original            ☒ Modified/Notice Required          Date: 5/30/18  
☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☒ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: JFC    Initial Debtor: DGN    Initial Co-Debtor: _____

**Part 1: Payment and Length of Plan**

a. The debtor shall pay $ __311.72__ per __month__ to the Chapter 13 Trustee, starting on __2/1/18__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☐ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ ___961.50___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___MidFirst Bank___ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,000.00 |
| DOMESTIC SUPPORT OBLIGATION | | |
| US Bank Cust for PC7 | Tax Sale Certificate | $1,174.84 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| MidFirst Bank | 44 Tunis Ave., Pleasantville, NJ | 13,474.30 | 0 | 13,474.30 | 961.50 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Office of the Public Defender | 44 Tunis Ave., Pleasantville, NJ | 1,666,00 | 66,884.00 | 110,309.28<br><br>1,174.84 | 0 | n/a | 0 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan:  ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:  Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   - ☐ Not less than $_____ to be distributed *pro rata*
   - ☐ Not less than _____ percent
   - ☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:  Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions ☐ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Office of the Public Defender | 44 Tunis Ave., Pleasantville, NJ | Judgment Lien | 629.75 | 66,884.00 | | 110,309.28 | 629.75 |
| " | " | " | 130.25 | " | | " | 130.25 |
| " | " | " | 187.25 | " | | " | 187.25 |
| " | " | " | 368.00 | " | | " | 368.00 |
| " | " | " | 94.25 | " | | " | 94.25 |
| " | " | " | 91.25 | " | | " | 91.25 |
| " | " | " | 167.00 | " | | " | 167.00 |
| | | | | | | | Total: 1,667.75 |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Office of the Public Defender | 44 Tunis Ave., Pleasantville, NJ | 1,666.00 | 66,884.00 | 110,309.28 | 0 | 1,666.00 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other administrative claims
3) Priority claims
4) Secured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:  Modification**  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____Filed 1/19/18_____

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| See attachment | See attachment |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:

After the allowed priority claim of U.S. Bank has been paid in full, U.S. Bank shall execute the Authorization for Cancellation of Record appended to Tax Sale Certificate 17-00420 and cause same to be recorded with the County Recording Office and City of Pleasantville.

After the debtor completes the within plan, the Office of the Public Defender shall cause the following Judgments as to debtor to be marked as satisfied in the appropriate public records:Judgment Numbers: PD-323339-05;PD-084651-06;PD-014535-07;PD-040300-07;PD-038316-08;PD-141293-08;PD-053684-12.

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 5/30/18    /s/ Jorge F. Coombs, Esq.
Attorney for the Debtor

Date: 5/30/18    /s/ ee wily
Debtor

Date: _____    _____
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _____5/30/18_____                              /s/ Jorge F. Coombs, Esq.
                                                     Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _____5/30/18_____                              _____[signature]_____
                                                     Debtor

Date: _____                                _____
                                                     Joint Debtor

**Explain below why the plan is being modified:**

1. Corrects date plan payments commence, changes priority of distribution and corrects plan to denote mortgage arrears are being cured through plan.

2. Corrects name of priority creditor and amount to be paid

3. Adds Motion to Avoid Liens

4. Adds Nonstandard plan provisions

**Explain below how the plan is being modified:**

Part 1a.:    Start date of plan and amount changed.

Part 2:    Pre-confirmation adequate protection payment amount to MidFirst bank changed to $961.50

Part 3:    Name of priority creditor changed from Pleasantville City Sewage to U.S. Bank Cust for PC7 and amount to be paid changed to $1,174.84.

Part 4a.:    Corrected to denote secured claim is being cured through plan and cure amount and payment amount outside of plan changed.

Part 7a:    Changed to add Motion to Avoid Liens of Office of Public Defender.

Part 8c.    Changed order of distribution.

Part 10:    Adds non-standard provisions.

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 18-11172-ABA
David Neewilly                                                  Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin             Page 1 of 2              Date Rcvd: May 31, 2018
                              Form ID: pdf901         Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 02, 2018.
```
db              David Neewilly,    44 Tunis Ave,    Pleasantville, NJ 08232-3037
517286817    +++AA Bail Bonds,    1916 Fairfax Ave,    Cherry Hill, NJ 08003-2007
517286818      Annie Neewilly,    44 Tunis Ave,    Pleasantville, NJ 08232-3037
517286821      AtlantiCare Physician Group,    PO Box 786061,    Philadelphia, PA 19178-6061
517286820     +Atlantic County Div. of Economic Assist.,    1333 Atlantic Ave.,    Atlantic City, NJ 08401-7212
517286822     +Colleen M. Hirst, Esq.,    KML Law Group, PC,    216 Haddon Ave # 406,
                Collingswood, NJ 08108-2812
517286823      Comcast Cable,    Po Box 3002,    Southeastern, PA 19398-3002
517289121      Coombs, Jorge F.,    1201 New Rd Ste 230,    Linwood, NJ 08221-1154
517286824     +Davidson Neewilly,    6355 Barton Road,    North Olmsted, OH 44070-4749
517286825      Jorge F. Coombs,    1201 New Rd Ste 230,    Linwood, NJ 08221-1154
517382999     +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
517286826      MidFirst Bank,    PO Box 26648,    Oklahoma City, OK 73126-0648
517286827    +++Millennium Finance,    6 Crest Drive,    Metuchen, NJ 08840-1528
517289119      Neewilly, Annie,    44 Tunis Ave,    Pleasantville, NJ 08232-3037
517289120     +Neewilly, Davidson,    6355 Barton Road,    North Olmsted, OH 44070-4749
517286829      New Jersey American Water,    Po Box 371771,    Pittsburgh, PA 15250-7331
517286830      Office of the Public Defender,    Hughes Justice Complex,    Po Box 850,    Trenton, NJ 08625-0850
517286831     +Pleasantville City Sewage,    City of Pleasantville,    18 N 1st St,
                Pleasantville, NJ 08232-2647
517286832      Pressler and Pressler LLP,    7 Entin Rd,    Parsippany, NJ 07054-5020
517286833      Receivables Outsourcing, LLC,    Po Box 62850,    Baltimore, MD 21264-2850
517286835      South Jersey Gas,    Po Box 6091,    Bellmawr, NJ 08099-6091
517286836      Stillman Law Office,    50 Tower Office Park,    Woburn, MA 01801-2113
517286837     +TTLBL LLC,    4747 Executive Drive 510,    San Diego, CA 92121-3100
517286838     +US Bank Corp.,    50 South 16th St. 1950,    Philadelphia, PA 19102-2521
517494657     +US Bank Cust for PC7,    50 S. 16th St., Suite 2050,    Philadelphia, PA 19102-2516
517286839     +US Department of Education,    2401 International,    PO Box 7859,    Madison, WI 53707-7859
517286840      Youngblood, Franklin, Sampoli & Coombs, P.A.,    Cornerstone Commerce Center,
                1201 New Rd Ste 230,    Linwood, NJ 08221-1154
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov May 31 2018 23:56:03     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 31 2018 23:56:01     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
517286819     +E-mail/Text: bankruptcy@pepcoholdings.com May 31 2018 23:55:23     Atlantic City Electric,
                PO Box 13610,    Philadelphia, PA 19101-3610
517299776     +E-mail/Text: bankruptcy@pepcoholdings.com May 31 2018 23:55:23
                Atlantic City Electric Company,    5 Collins Drive Suite 2133,    Carneys Point NJ 08069-3600
517286828      E-mail/PDF: bankruptcy@ncfsi.com Jun 01 2018 00:00:35     New Century Financial Services,
                110 S Jefferson Rd,    Whippany, NJ 07981-1038
517334003     +E-mail/Text: csc.bankruptcy@amwater.com May 31 2018 23:56:54     New Jersey American Water,
                PO Box 578,    Alton, IL 62002-0578
517286834      E-mail/Text: jboehler@shorememorial.org May 31 2018 23:57:05     Shore Memorial Hospital,
                PO Box 217,    Somers Point, NJ 08244-0217
                                                                                              TOTAL: 7
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 02, 2018                          Signature:  /s/Joseph Speetjens

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: May 31, 2018
                              Form ID: pdf901          Total Noticed: 34
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 31, 2018 at the address(es) listed below:
              Isabel C. Balboa     on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Jorge F. Coombs     on behalf of Debtor David   Neewilly jcoombs@youngbloodlegal.com
              Rebecca Ann Solarz     on behalf of Creditor    MIDFIRST BANK rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 5
```